IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NAFIZ WATKINS, JR. #2935358     *

v.     *     Civil Action No. CCB-14-1437

DETECTIVE NAISHA A. GARCIA, et al.     *

    *
    ***

**MEMORANDUM**

Nafiz Watkins, Jr., proceeding pro se, was a pre-trial detainee at the Baltimore City Detention Center ("BCDC").[1] He has filed a complaint pursuant to 42 U.S.C. § 1983 asserting constitutional and state tort law claims that, while on pre-trial detention: 1) he was being falsely imprisoned; 2) he was not advised of his right to counsel after arrest; 3) Jumu'ah services were not available for Muslim inmates at BCDC; 4) he was denied access to a law library; 5) he received inadequate mental health care; 6) he was confined to his cell for 22 hours each day because he was classified as a maximum-security prisoner; 7) there was no laundry service at BCDC; 8) there was no opportunity to review jail directives; 9) his cell was without running water for one month; and 10) the water was murky and smelled like sewage. As redress, he requests compensation for loss of wages and damages. Plaintiff, who has sought leave to proceed in forma pauperis, will be granted leave to proceed as an indigent, subject to assessment of the initial partial filing fee required under 28 U.S.C. § 1915.[2]

---

[1] It appears from the Maryland Judiciary Case Search website that Watkins pled guilty to a carjacking charge and was sentenced to twelve years incarceration on the day he filed the complaint in this case. *Maryland v. Nafiz Watkins*, Case No. 113154008, available at
http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis?disclaimer=Y (last visited on August 22, 2014). The court infers from Watkins' complaint that this is the charge on which he was being held. (*See* Compl., ECF No. 1, at 3 (stating he was arrested and detained on May 4, 2013, for a carjacking that occurred on May 3, 2013).)

[2] Plaintiff initially filed an unsigned complaint. (ECF No. 1.) The court ordered him to file a signed complaint, (ECF No. 3), and he did, (ECF No. 4).

**DISCUSSION**

Plaintiff is proceeding as an indigent under 28 U.S.C. § 1915 which permits a litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); *see also* 28 U.S.C. § 1915A (requiring dismissal of a claim where it seeks monetary relief from a defendant who is immune or fails to state a claim upon which relief may be granted). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, liberal construction does not mean that this court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). In light of this standard, plaintiff's claims that 1) he was denied Jumu'ah religious services, 2) he received inadequate mental health care, 3) he lacked running water, and 4) had murky, odorous water running through his tier will proceed. Plaintiff's remaining claims will be dismissed without prejudice.[3]

To the extent the plaintiff's claims of false imprisonment or denial of counsel are related to pending state criminal proceedings, this court must abstain from interfering.[4] *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). To the extent Watkins' claims relate to the carjacking

---

[3] Defendants Naisha A. Garcia, Joseph M. Zientek, Jordan McHenry, and the Baltimore City Police Department will be dismissed as defendants.

[4] The Maryland case locator website does not reveal any pending state actions against Watkins. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis?disclaimer=Y (last visited on August 22, 2014).

2

charges to which he pled guilty and was sentenced, (*see* Compl. at 3-4 (stating he was being held without bond for a carjacking), the court cannot hear his claims at this time either.  The Supreme Court has held "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Watkins does not allege he has obtained a favorable termination in state or federal collateral attack proceedings.  Accordingly, the court will dismiss these claims without prejudice, and will dismiss Naisha A. Garcia, Joseph Zientak, and Jordan McHenry, individuals apparently alleged to have effected Watkins' initial imprisonment, as defendants.

Next, insofar as Watkins predicates his denial of access to a law library allegations on a First Amendment claim for denial of access to the courts, he fails to state a claim on which relief can be granted. Prisoners have a constitutionally-protected right of access to the courts, which includes access to adequate law libraries or those skilled in the law. *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).  Because the right of access to the courts is the right to bring to court a grievance, however, to bring a claim based on library access, a prisoner must allege the denial "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Further, the inmate cannot rely on conclusory allegations; he must identify with specificity "an actual injury resulting from official conduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Actual injury requires that the inmate demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded.  *See Lewis*, 518 U.S. at 351–55.  Watkins alleges no facts to establish that he has suffered harm in a pending or planned court action and

his general allegations are insufficient to state a claim of constitutional dimension. Accordingly, this claim will be dismissed without prejudice.

Turning to Watkins' claims regarding the conditions of his confinement, the Fourteenth Amendment's Due Process Clause prohibits conditions amounting to "punishment" of pre-trial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990-91 (4th Cir. 1992). "Not every inconvenience encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment if it is imposed with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Id.* In addition, Watkins must demonstrate that he has suffered more than a de minimis injury. *See Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 251 (4th Cir. 2005) ("[T]here is, of course, a de minimis level of imposition with which the Constitution is not concerned." (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)) (internal quotation marks omitted)); *Robles v. Prince George's Cnty., Md.*, 302 F.3d 262, 270 (4th Cir. 2002).

Watkins has failed to allege that the lack of access to laundry or "jail directives" has caused anything more than a de minimis inconvenience and his claims will be dismissed. His claim regarding his 22-hour daily confinement will be dismissed as well. Watkins admits he is a maximum-security detainee and thus his confinement is reasonably related to the legitimate goal of ensuring the security of the prison. *See Bell*, 441 U.S. at 540 (holding that managing the detention facility and maintaining jail security are legitimate government interests providing a basis for restraints on pre-trial detainees). Watkins' claims regarding the lack of running water for one month and the murky, odorous water running down his jail tier do raise federally cognizable issues, however, and will proceed. *See Hite v. Leeke*, 564 F.2d 670, 672 (4th Cir.

1977) (noting that the denial of decent and basically sanitary living conditions and the "deprivation of the basic elements of hygiene" have been found to violate the Eighth Amendment); *Sweet v. S. Carolina Dep't of Corrections*, 529 F.2d 854, 860-61 (4th Cir. 1975) (noting that inadequate sanitation provisions can raise constitutional concerns under the Eighth Amendment);[5] *Dawson v. Kendrick*, 527 F. Supp. 1252, 1287-88 (S.D.W.V. 1981) (finding that unsanitary, odorous, and inoperable plumbing constituted an unconstitutional condition of confinement for both pretrial detainees and convicted inmates). Further, denial of religious services and inadequacy of mental health care may result in constitutional violations. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (holding that prisoners must be afforded a reasonable opportunity to practice their religion); *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause.").

## CONCLUSION

Watkins' claims that he was denied Jumu'ah religious services, received inadequate mental health care, lacked running water for one month, and had murky water that smelled of sewage running down his tier are sufficient to proceed. Watkins' complaint, however, fails to state claims for false imprisonment; denial of his right to counsel; denial of access to a law library; or due process violations for Watkins' confinement in his cell for 22 hours, lack of laundry service, and lack of an opportunity to review jail directives. Watkins will be granted twenty-one (21) days to provide the name of the individual or individuals who he claims violated

---

[5] Although the Fourth Circuit in *Hite* and *Sweet* were discussing conditions under the Eighth Amendment standard for cruel and unusual punishment, the court has noted that a pre-trial detainee's due process rights are "*at least* as great as the Eighth Amendment protections available to the convicted prisoner." *Hill*, 979 F.2d at 991 (quoting *Martin*, 849 F.2d at 871) (internal quotation marks omitted).

his rights. Failure to comply may result in dismissal of this case without further notice. A separate order follows.


  September 2, 2014                                     /s/                       
Date                                                Catherine C. Blake
                                                    United States District Court