**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NAFIZ WATKINS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-14-1437 |
| RICKY FOXWELL, Warden of the Baltimore City Detention Center, | * | |
| | * | |
| Respondent | *** | |

**MEMORANDUM**

Pending is self-represented plaintiff Nafiz Watkins' complaint filed pursuant to 42 U.S.C. § 1983. Defendant Ricky Foxwell, Warden of the Baltimore City Detention Center ("BCDC"), by his counsel, has filed a Motion to Dismiss or, in the Alternative for Summary Judgment. (ECF 10).[1] Watkins was provided an opportunity to reply but has not done so.

After considering the pleadings, exhibits, and applicable law, the court finds a hearing is unnecessary, *see* Local Rule 105.6 (D. Md. 2014), and the matter is ripe for disposition. For reasons to follow, the motion to dismiss will be granted and the complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**BACKGROUND**

Watkins claims that during the time he was confined as a detainee at the Baltimore City Detention Center ("BCDC") he was denied Jumu'ah religious services, received inadequate mental health care, lacked running water for one month, and had murky water that smelled of sewage running down his tier. As relief, he requests damages.

---

[1] The motion shall be treated as a motion to dismiss, and not addressed alternatively as a motion for summary judgment.

**DISCUSSION**

Defendant seeks dismissal of this case for lack of jurisdiction based on Watkins' failure to exhaust his administrative remedies. A party may move to dismiss a claim pursuant to Fed.R.Civ.P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW–09–2526, 2010 WL 3086498, at *3 (D. Md. August 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may ... consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[ ] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir.1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El–Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB–10–3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' " *El–Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a). This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[A]n administrative remedy is not considered to

have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

The purpose of the exhaustion requirement is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Blake v Ross*, CA4 No. 13-7279, *10, (4th Cir. May 21, 2015), citing *Jones v. Bock*, 549 U.S. 199, 219 (2007). Because an inmate's failure to exhaust administrative remedies is an affirmative defense, defendant bears the burden of proving that Watkins had remedies available to him of which he failed to take advantage. *Blake* CA4 No. 13-7279, *3, citing *Jones*, 549 U.S. at 211–12, 216; *Moore*, 517 F.3d at 725.

The BCDC grievance procedure is comprised of a four-step process consisting of the filing of: 1) a complaint within fifteen calendar days from the date on which the incident occurred or when the resident first learned of the incident, whichever is later; 2) a motion for a grievance committee consideration; 3) a motion to appeal to the warden within three working days of the decision rendered by the grievance committee; and 4) a motion to appeal to the assistant commissioner within three working days of receipt of the decision on the motion to appeal to the warden. (ECF 10-2).

Watkins states in his complaint that he filed a grievance, but "received no answer." (ECF 1, p. 2). Further, he indicates that he "didn't appeal because I never got a response." *Id*.

Defendant has submitted a declaration executed by Robin M. Conley, Deputy Director of Standards Compliance and Litigation for the Division of Pretrial Detention and Services. Conley attests that BCDC operates an Inmate Grievance Procedure. (ECF 10-2). Conley also attests that Nafiz Watkins has filed no grievances concerning denial of religious services, inadequate mental

health care, denial of laundry service, lack of running water in his cell for one month, or murky water that smelled like sewage running down his tier at BCDC. (ECF 10-2).

As noted, Watkins has not filed an opposition to defendant's dispositive motion. Watkins has not provided an affidavit or other documentation to substantiate filing a grievance concerning the matters at issue here. Further, Watkins fails to particularize the nature of the grievance allegedly filed or the date it was filed, and most importantly, does not claim the grievance process was unavailable to him. Indeed, he appears to concede that he failed to complete the grievance process. Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1).[2]

## CONCLUSION

For the reasons set forth herein, Foxwell's motion to dismiss (ECF 10) will be granted and this case closed by separate order to follow.

May 29, 2015                                           /S/
Date                                                   Catherine C. Blake
                                                       United States District Judge

---

[2] Even had the grievance process been administratively exhausted, this complaint would be dismissible pursuant to Fed. R. Civ P. 12(b)(6), as Watkins does not claim Foxwell was personally involved in the matters alleged or provide grounds to hold him liable pursuant to principles of supervisory liability. *See Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) (holding liability cannot be premised upon the doctrine of respondeat superior under 42 U.S.C. § 1983); *Shaw v. Stroud,* 13 F. 3d 791, 799 (1994) (setting forth requirements to establish supervisory liability).